**John T. ARNOLD, Plaintiff,**

v.

**EXCALIBUR SHIPPING COMPANY, Defendant.**

Civ. A. No. 78–681–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

May 16, 1979.

John H. Klein, Breit, Rutter & Montagna, Norfolk, Va., for plaintiff.

John R. Crumpler, Jr., Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., for defendant.

OPINION AND ORDER

CLARKE, District Judge.

The defendant seeks summary judgment as to certain issues raised by the plaintiff in his complaint[1] and his statement of issues.[2]

The plaintiff is a longshoreman who claims to have sustained injuries while employed by a stevedoring company to handle cargo on a vessel owned and controlled by the defendant. The plaintiff contends that a rung on a ship's ladder giving access to one of its holds was defective and that he was injured as a result of that defect.

In his complaint, plaintiff seeks recovery against the defendant in paragraph 8 for negligence and in paragraph 9 for breach of warranties. In his statement of issues, the

---

1. The plaintiff brought suit by motion for judgment in the state court and the action was removed to this Court. Because the original suit paper is referred to as a complaint in the federal court, for sake of convenience, the plaintiff's state motion for judgment will be referred to as a complaint in this opinion.

2. Under the local rules of this Court, the parties are required to file a statement of issues of the case with the Court.

plaintiff relies upon "Products Liability" as well as negligence. While plaintiff is undoubtedly referring to the ship's ladder as a product, the Court is uncertain as to the plaintiff's meaning or intent in saying that he is relying upon products liability. Certainly, breach of warranty, express or implied, and negligence are traditional products liability concepts. The defendant is fearful, and properly so, that the plaintiff under this statement of issues has also indicated that he will rely upon the doctrine of "strict liability."

The defendant seeks in his motion for summary judgment to exclude the issues of breach of warranty raised in the complaint and the implied issue of strict liability set forth in plaintiff's statement of issues.

Plaintiff's cause of action is provided for and is governed by the provisions of 33 U.S.C. § 905(b). Prior to the 1972 amendments to this act, the Longshoremen's and Harbor Workers' Compensation Act (hereinafter referred to as the "Act"), the longshoremen injured while loading or unloading cargo on a vessel were permitted to sue the vessel if the longshoreman claimed the injuries were caused by the vessel's negligence or unseaworthiness. Unseaworthiness was analogous to a strict liability concept because if a vessel were found to be unseaworthy, the vessel was liable whether or not that condition was caused by its negligence. Frequently, the condition for which the vessel was found liable to the longshoreman on the unseaworthiness theory was caused by the stevedoring company for which the longshoreman worked. The vessel in such instances would bring an action against the stevedoring company for indemnity. This round robin of claims would result in double liability on the stevedoring company. As employer of the longshoreman, the stevedoring company was required to furnish workmen's compensation insurance and under familiar workmen's compensation principles, the furnishing of this insurance was to absolve the company from any further liability to injured long-shoremen. By being made indirectly responsible through an indemnity suit by the vessel in damages to its employees, as well as being responsible for furnishing workmen's compensation, the stevedores were carrying a double load.

Congress made an exhaustive analysis of this problem before amending the Longshoremen's and Harbor Workers' Compensation Act in 1972. It eliminated the longshoremen's right to recover against a shipowner for unseaworthiness and as a trade-off raised compensation benefits. As a trade-off for the vessel's relief from being subjected to claims based on unseaworthiness, the vessel was forbidden to bring an indemnity suit against the stevedoring company. In order, however, to assure that the vessel was not paying for conditions created by the stevedoring company without some accompanying negligence of the vessel, when its rights to seek indemnity from the stevedoring company had been terminated, Congress provided that the vessel would be liable to the longshoreman only for its own negligence.[3]

The United States Court of Appeals for the Fifth Circuit in *Hess v. Upper Mississippi Towing Corporation*, 559 F.2d 1030, 1035 (1977) clearly held that a longshoreman cannot sue the vessel under the theory of strict liability because the Longshoremen's Act only allows the longshoreman to sue the vessel for negligence, "a phrase which on its face does not encompass strict liability."

In *Chavis v. Finnlines, Ltd.*, 576 F.2d 1072, 1081 (1978), the Fourth Circuit Court of Appeals, the appellate court for this circuit, stated, in commenting on *Hess*:

> The Court also rejected plaintiff's contention that strict liability concepts were applicable, holding that it was the intention of Congress to eliminate such concepts . . . We agree with the Fifth Circuit.

The Fourth Circuit having agreed with the Fifth Circuit that the word "negligence" in the Longshoremen's Act pre-

---

**3.** For the legislative history of the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, *see* (1972) U.S. Code Cong. & Admin.News, p. 4698.

**674**

cludes the doctrine of strict liability, logic would insist that breach of warranty, which theory also does not rely upon fault or negligence, must also be excluded as a vehicle for recovery by a longshoreman against a vessel.

For the reasons stated, the motion of the defendant for summary judgment against the plaintiff as to plaintiff's claims based on breach of warranty and strict liability is GRANTED.

It is so ORDERED.